BENTON, J.
The former husband appeals a final judgment of dissolution of marriage, insofar as it treated his United States Air Force reenlistment bonus as a marital asset and distributed the parties’ marital assets. We approve the trial court’s designation of the reenlistment bonus, including installments not yet paid, as a marital asset, but we reverse the judgment’s distribution of marital assets, with directions that any duplication be eliminated. On the former wife’s cross-appeal, we vacate the attorney’s fee award she challenges as insufficient, and direct that the question of fees be reconsidered once the question of equitable distribution has been revisited on remand.
Before filing his petition for dissolution of marriage, the former husband reenlisted in the Air Force for another five years, and so became eligible to receive a bonus under the Aviator Continuation Pay Program. See 37 U.S.C. § 301b(a) (2003) (authorizing a retention bonus for aviation officers who agree to extend active duty for at least a year). He chose to receive half of the bonus in a lump sum, and the remainder in yearly installments for five years. Even though he had not received all the installments as of the date on which marital assets were valued, the trial judge awarded half of the entire bonus to the former wife.
The trial court did not err in ruling that the former husband’s reenlistment bonus is a marital asset. Although the bonus can be forfeited, see 37 U.S.C. § 301b(g) (2003), entitlement to the bonus vested upon reenlistment, which occurred before the petition for dissolution was filed. See 37 U.S.C. § 301b(e) (2003); United States v. Larionoff, 431 U.S. 864, 877, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); Ford v. United States, 33 Fed. Cl. 560, 564 (1995) (noting that the Air Force insisted that, under 37 U.S.C. § 308, “the service members’ entitlement to bonuses vested at the time ... they had obligated themselves to reenlist”); Di Clemente v. Di Clemente, No. 531597, 1995 WL 404954, at *4 (Conn.Super.Ct. June 26, 1995) (unpublished opinion) (distributing a reenlistment bonus payable after the action for dissolution of marriage was filed, 40% to the wife and 60% to the husband).
The former husband contends that awarding the former wife any part of the bonus he had not already received violates federal law. But the decree does not purport to require the Air Force to make payments directly to the former wife. As an accommodation to the former husband, the trial court allowed him to make partial distribution of the bonus in annual installments within ten days of each date an annual bonus payment was due, rather than reducing future bonus payments to present value and requiring immediate payment. We approve the trial court’s treatment of the resigning bonus in this regard.
The former husband also complains that some assets in his name were counted more than once, partly because different assets were valued at different dates. See § 61.075(6), Fla. Stat. (2001) (“Different assets may be valued as of different dates, as, in the judge’s discretion, the circumstances require.”). We find no fault with the trial court’s valuation of the IRA accounts as of February 28, 2001, and of the investment accounts as of March 2, 2001, but we share the former husband’s concern that valuing his bank accounts at a much earlier date (March 20, 2000) made it likely that funds shifted from a bank account to an IRA or other investment ac *947 count were counted twice. The statute giving the trial court latitude in picking dates for valuation contemplates the use of reasoned discretion in making a determination which is “just and equitable under the circumstances.” § 61.075(6), Fla. Stat. (2001). Given the other valuation dates used in the present case, it was an abuse of discretion to choose the date that was used for valuing the former husband’s bank accounts.
Similarly, the former husband testified that, when he received the first annual bonus payment of $10,560.00 in 1999, he placed it in a bank account, and that the $15,000.00 “cash in bank” which he listed in his financial affidavit included this amount. The wife does not contend otherwise. The former husband thus proved that charging him with both the bonus and the $15,000.00 in his account was a duplication. This duplication may well have led to an inequitable distribution, a question the trial court will have to decide on remand.
Finally, after the accounting problems are resolved and the assets are equitably (re)distributed on remand, the trial court must decide whether any resulting “disparity in the parties’ incomes and financial positions” requires an award of the former wife’s reasonable attorney’s fees, in whole or in part. See Rossi v. Garner, 724 So.2d 603, 603 (Fla. 1st DCA 1998).
Reversed and remanded, with directions.
ERVIN and DAVIS, JJ„ CONCUR.